UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LARRY E. HARRISON,

        Plaintiff,                             Case No. 1:16-cv-336

v.                                                    Honorable Robert Holmes Bell

BRYAN DEEREN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Aetna Insurance Company.[1] The Court will serve the complaint against Defendants Deeren, Willard, Schmuggerow, Ahmad, Schooley, and Corizon Medical Services.

---

[1] Plaintiff spelled "Aetna" as "Atnea." Because his meaning is clear, the Court will use the correct spelling.

**Discussion**

I.  Factual allegations

Plaintiff Larry Harrison presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility, though the actions about which he complains occurred while he was housed at the Michigan Reformatory (RMI). He sues RMI Health Unit Manager Bryan Deeren; RMI Dietician Patricia Willard; RMI Assistant Deputy Warden Scott Schooley; Corizon Medical Services; Corizon Doctor William E. Schmuggerow; Doctor Iftiker K. Ahamad; and Aetna Insurance Company.

Plaintiff alleges that he was born without an anus and suffers from a rare and serious congenital bowel problem called Hirschprungs Disease, which causes problems with his digestion and an inability to have, control and predict his bowel movements. Plaintiff has difficulty eating many foods, and an improper diet causes him to experience increased and disabling symptoms. Plaintiff has filed numerous grievances and medical kites concerning the management and treatment of his condition. He contends that Defendant Corizon has long refused to have him seen by an expert in his condition.

On June 12, 2014, Plaintiff was being treated by Defendant Dr. Schmuggerow. On that date, Dr. Schmuggerow referred Plaintiff to Defendant Dr. Ahmad for a colonoscopy with biopsy and an esophagogastroduodenoscopy (EGD) with biopsy at the McLaren Greater Lansing Endoscopy Center. On June 15, 2016, after examining Plaintiff, Dr. Ahmad prescribed a high-fiber diet without processed meat. On June 19, 2014, however, Defendant Willard disregarded the diet prescription from Dr. Ahmad and continued Plaintiff on the "Healthy Choice" menu available in segregation. On June 20, Defendant Dr. Schmuggerow rejected the Healthy Choice order, instead

writing a "no processed meat" diet order, adding it to Plaintiff's special accommodation notice. Less than an hour later, however, the special diet was cancelled without a doctor's order. Defendant Deeren told Plaintiff that his diet was cancelled because the MDOC did not provide a no-processed-meat diet. Plaintiff complained that Defendants had a duty to modify their procedures to provide his necessary special diet, and he noted that his accommodation should not have been changed without a doctor's order. Defendant Deeren acknowledged that a doctor should have seen Plaintiff before the special diet was modified. She then stated, "I guess we could modify a special diet for you but we[']re not, so why don't you step into the clinic and I'll get you right in to see the doc and he can tell you himself you will not be getting a diet." (Compl., ECF No. 1, PageID.10-11.)

Plaintiff approached Defendant Schooley on June 23, 2014, complaining about the interference with his diet order. Schooley stopped Plaintiff, told him that he was aware of the issue from Defendant Willard, and stated, "[W]ell if the Doctor ordered it then we ha[ve] to give it to you, but I'm not going to do anything[.] [R]emember when I tried to get you to sign off on the Healthy Choice situation and you wouldn't, you kicked me to the curb, so I'm not doing anything[.] [I]t's a medical issue." (*Id.*, PageID.11.) Plaintiff responded that, if it was a medical issue, Willard would not have sent an email to Schooley. Schooley responded, "[T]hat's why I don't like you Harrison, you think your [sic] smarter than everyone else." (*Id.*, PageID.12.) Six days later, when Plaintiff was called into health care, Defendant Schmuggerow acted as if he hated Plaintiff. Schmuggerow's demeanor was completely different than it had been on June 15, 2014, when he had spoken with Defendant Ahmad and agreed with Ahmad's treatment recommendation. Schmuggerow handed

Plaintiff a copy of a July 30, 2014[2] fax sent by Defendant Ahmad to RMI, which indicated that Plaintiff did not need a special diet. Plaintiff complains that Ahmad's changed recommendation was made without medical justification in order to assist the RMI Defendants in depriving Plaintiff of his rights.

Plaintiff alleges that Defendants conspired and acted together to retaliate against Plaintiff for filing grievances, and to deny him necessary food and medical care in violation of the Eighth Amendment and the Privileges and Immunities Clause of the Fourteenth Amendment. He also alleges that Defendants Schmuggerow and Ahmad breached their medical oaths. As a result of the denial of treatment and a medically necessary diet, Plaintiff has continuously experienced disabling pain, an inability to defecate, rectal bleeding difficulty sitting, and other problems. He also alleges that the inadequacy of his healthcare and diet has caused him, over the space of a few years, to lose significant quality of life, including the ability to work and exercise. For relief, he seeks compensatory and punitive damages, together with injunctive relief.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[2]Plaintiff's dates are somewhat confusing. He states that he was called into health care six days after June 23, 2014, which would be June 30, 2014. He alleges that, at that time, he was given a fax dated July 30, 2014. Arguably, the fax to which he refers was dated June 30, 2014.

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Defendant Aetna is a private insurance company, and Plaintiff

alleges no facts that would cause its conduct in entering into an insurance policy with one or more Defendant to become a state actor. *See Naething v. Covington*, 168 F. Supp. 2d 779, 780 (N.D. Ohio 2001).

Moreover, even if Defendant Aetna could be deemed a state actor, Plaintiff fails to allege that Aetna took any action against him. "It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to establish liability under § 1983." *Perry v. Monroe Co.*, No. 2:16-cv-10764, 2016 WL 895072, at *3 (E.D. Mich. Mar. 9, 2016) (dismissing claim against insurance company) (citing *Monell*, 486 U.S. at 691). Accordingly, Plaintiff fails to state a claim against Aetna.

Upon review, the Court concludes that Plaintiff's allegations against Defendants Deeren, Willard, Schmuggerow, Ahmad, Schooley, and Corizon Medical Services are sufficient to state a claim. The Court therefore will order service of the complaint on the remaining Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Aetna will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Deeren, Willard, Schmuggerow, Ahmad, Schooley, and Corizon Medical Services.

An Order consistent with this Opinion will be entered.


Dated: June 10, 2016               /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE