UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY HARRISON #156814,

           Plaintiff,                            Hon. Robert J. Jonker

v.                                              Case No. 1:16 CV 336

BRYAN DEEREN, et al.,

           Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice. (ECF No. 68). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

        Plaintiff initiated this action on April 1, 2016, without benefit of counsel. (ECF No. 1). In his complaint, Plaintiff alleges the following. Plaintiff suffers from Hirschsprung's disease, a "rare bowel defect."[1] Plaintiff experiences "constant severe pain [and] is completely unable to pre-determine when he is about to defecate or even stop the process when it occurs."

        On or about June 12, 2014, Dr. Iftiker Ahamad examined Plaintiff and determined that he required a high fiber diet with no processed meat. Dietician Patricia Willard issued Plaintiff a prescription diet to this effect, which Dr. William Schmuggerow subsequently disregarded. When

---

[1] Hirschsprung's disease is a congenital condition "that affects the large intestine (colon) and causes problems with passing stool." *See* Hirschsprung's Disease, available at
http://www.mayoclinic.org/diseases-conditions/hirschsprung%27s-disease/home/ovc-20214664 (last visited on June 19, 2017).

questioned about the matter, Medical Administrator Bryan Deeren informed Plaintiff that "the MDOC doesn't provide a no processed meat diet."  Plaintiff later discussed the matter with Assistant Deputy Warden Scott Schooley who refused Plaintiff's request for assistance.  Dr. Ahamad subsequently rescinded his special diet instruction at the urging of Willard, Schmuggerow, Deeren, and Schooley.

Plaintiff initiated this action against Ahamad, Willard, Schmuggerow, Deeren, and Schooley, as well as Corizon Medical Services and Aetna Insurance alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from unlawful retaliation.  Plaintiff requests monetary and injunctive relief.  Plaintiff's claims against Aetna were dismissed on screening.  On July 25, 2016, the Court entered a Case Management Order establishing the scope and timing of discovery.  (ECF No. 19).  On August 8, 2016, Attorney Solomon Radner entered an appearance on Plaintiff's behalf.  An amended Case Management Order was entered on October 6, 2016.  (ECF No. 26).

On November 23, 2016, Defendants Corizon and Schmuggerow filed a motion to compel Plaintiff to respond to interrogatories and requests for production of documents.  (ECF No. 34).  On December 2, 2016, the Court entered a Stipulated Order pursuant to which Plaintiff agreed to "serve full and complete answers" to Defendants' discovery requests.  (ECF No. 40).  Plaintiff agreed to respond to this discovery within 14 days.  (ECF No. 40).

Plaintiff answered certain interrogatories, but simply ignored or responded "N/A" in response to others.  (ECF No. 48-1 at PageID.327-31).  On January 24, 2017, Defendants Corizon and Schmuggerow, asserting that Plaintiff had failed to provide full and complete answers to the discovery in question, filed a motion requesting that the Court sanction Plaintiff, in part, by precluding him from seeking monetary damages. In response, Plaintiff's attorney asserted that Plaintiff's discovery responses

were complete and that his "N/A" responses merely indicated that the requested information was inapplicable or irrelevant to the resolution of Plaintiff's claims.  (ECF No. 49).

The undersigned granted Defendants' motion for sanctions and ordered that Plaintiff be precluded from introducing evidence that he suffered any monetary or economic damages.  (ECF No. 51).  The Honorable Robert J. Jonker denied Plaintiff's objection to this Order.  (ECF No. 55).  Two weeks later, attorney Radner moved to withdraw his representation of Plaintiff, a request which the Court granted.  (ECF No. 57-58).  On May 1, 2017, Plaintiff filed the present motion seeking to dismiss the present action without prejudice.  Defendants Corizon Medical Services, Schmuggerow, Willard, Deeren, and Schooley oppose Plaintiff's request.  Plaintiff subsequently agreed to dismiss with prejudice his claims against Defendant Ahamad.

## ANALYSIS

Where a plaintiff seeks to dismiss an action either through stipulation or before the defendants file an answer or motion for summary judgment, court approval is not required.  *See* Fed. R. Civ. P. 41(a)(1).  On the other hand, where, as here, the defendants have answered the complaint and decline to stipulate to a dismissal without prejudice, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2). Accordingly, at this stage of the proceedings, the decision whether to permit Plaintiff to dismiss this action and, if so, the terms of such dismissal, are committed to the Court's discretion.  *See, e.g.,* Wright & Miller Federal Practice and Procedure: Civil 3d § 2364 (recognizing that courts retain the discretion to simply deny a motion to dismiss under Rule 41(a)(2)); *Bridgeport Music, Inc. v. Universal-MCA*

*Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (district court's decisions under Rule 42(a)(2) are "reviewed for abuse of discretion").

Dismissal without prejudice, under Rule 42(a)(2), is generally appropriate unless the defendants would suffer "plain legal prejudice as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir., Feb. 16, 2007) (citations omitted). Factors courts consider when assessing whether a defendant will be subjected to such prejudice include: (1) the "effort and expense" the defendant has incurred preparing for trial; (2) "excessive delay and lack of diligence" by the plaintiff; (3) insufficient explanation by the plaintiff for seeking dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Ibid.* (citations omitted).

As Defendants argue, they have expended a great deal of time and resources conducting discovery and otherwise preparing for trial. Discovery, except for expert depositions, has long since completed and the deadline for filing dispositive motions is fast approaching. *See, e.g., ADP Dealer Services Group v. Welborne Automotive, Inc.*, 2011 WL 677366 at *3 (W.D.N.C., Feb. 16, 2011) (where "litigation is in the advanced stage of the proceedings and the defendant has already incurred substantial costs in discovery," dismissal without prejudice constitutes plain legal prejudice to defendant). Plaintiff's conduct in prosecuting this matter likewise weighs against his request. As indicated above, Plaintiff does not appear to have taken seriously Defendants' attempts to discover relevant information. Moreover, Plaintiff's decision to delay until this late stage of the proceeding his request to dismiss this action, coupled with his apparent rationale for seeking such, suggests a lack of good faith. *See, e.g., George v. Professional Disbosables International, Inc.*, 2017 WL 1740395 at *2 (S.D.N.Y., May 2, 2017).

In his motion, Plaintiff offers no rationale for his decision to seek dismissal, however, in subsequent pleadings Plaintiff has provided some insight into his thinking.  In reply to Defendant's responses opposing the present motion, Plaintiff asserts that dismissal is appropriate because *he* has suffered legal prejudice due to the ineffective assistance of his previous counsel.  (ECF No. 77, 79). While not explicitly stated, a fair reading of Plaintiff's subsequent pleadings is that he seeks to dismiss the present action without prejudice and re-assert his claims without being subject to the aforementioned discovery/damages sanctions.  In support of this observation, the Court notes that Plaintiff continues to complain about the shortcomings in the health care he is presently receiving and that his ability to address such is unfairly hampered by his attorney's allegedly ineffective assistance.

To the extent that Plaintiff is seeking to dismiss the present action without prejudice and re-assert his claims without the burden of the aforementioned discovery/damages sanction, such weighs quite heavily against dismissal.  Litigants cannot be permitted to pursue legal action and later dismiss such without prejudice and begin anew should their initial efforts prove ineffective or unsuccessful. Furthermore, Plaintiff's belief that he is entitled to dismissal without prejudice because his constitutional right to the effective assistance of counsel was violated is misplaced.  The right to the effective assistance of counsel, recognized by the Sixth Amendment, does not apply in a civil action.  *See, e.g., Libbett v. Maesen*, 2014 WL 129605 at *2 (W.D. Mich., Jan. 14, 2014).  To the extent Plaintiff believes his attorney rendered deficient representation, his recourse is to file a complaint with the Michigan Attorney Grievance Commission and/or pursue any applicable state court tort relief.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Dismiss Without Prejudice</u>, (ECF No. 68), be **denied** and that Plaintiff's claims against Defendants Corizon, Schmuggerow, Willard, Deeren, and Schooley go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 28, 2017                                   /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge

-6-