UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. HARRISON,

        Plaintiff,

v.

        File No. 1:16-cv-336

        HON. ROBERT J. JONKER

BRYAN DEEREN et al.,

        Defendants.

_____ /

## ORDER

United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion to dismiss the case without prejudice (ECF No. 84). Before the Court are Plaintiff's objections to the R&R and brief in support thereof (ECF Nos. 85, 86).

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Rule 41(a)(2) permits voluntary dismissal of an action without prejudice "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). After considering the factors set forth in *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498 (6th Cir. 2007), the magistrate judge determined that Defendants would suffer "plain legal prejudice" as a result of a dismissal without prejudice. *See id.* at 501 (quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). For instance, the magistrate judge noted: the expenses incurred by Defendants in conducting discovery and preparing for trial in this matter; the late stage of the proceedings in this case; and

Plaintiff's failure to provide a sufficient reason for a dismissal without prejudice. (R&R 4-5.)

In his objections, Plaintiff argues that *he* will be prejudiced by being forced to proceed in an action in which he cannot obtain monetary relief, because the Court has held that he cannot present evidence of damages as a sanction for his failure to provide complete answers to discovery requests.[1] Any prejudice to Plaintiff as a result of the Court's sanction is entirely attributable to Plaintiff. He contends that he should not be held responsible for the inadequate discovery responses because he was represented by counsel at the time; however, Plaintiff "voluntarily chose [his] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

Plaintiff's discovery responses without counsel are no more forthcoming. As the record reflects, he has failed to produce medical records, leading to another order to compel, and a direct warning from the magistrate judge of potential consequences (ECF No. 83). Plaintiff has not objected to this order to compel. In effect, Plaintiff's motion to dismiss is an attempt to avoid the sanction imposed on him, and to avoid dealing with his additional problems since then. The magistrate judge rightly determined that it would not be proper to allow Plaintiff to dismiss his case without prejudice in these circumstances.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 85) are **DENIED.**

**IT IS FURTHER ORDERED** that the R&R (ECF No. 84) is **APPROVED** and **ADOPTED** as the opinion of this Court.

---

[1] Plaintiff identifies several reasons why he believes that the Court's sanction is improper, but because the Court's sanction is not at issue in the R&R, and because the Court has already addressed Plaintiff's objections to the sanction on several occasions (ECF Nos. 55, 65), the Court will not address those issues here.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss the action (ECF No. 68) is **DENIED**.


Dated:      July 19, 2017              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE