UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. HARRISON,

        Plaintiff,

CASE NO. 1:16-CV-336

v.

HON. ROBERT J. JONKER

BRYAN DEEREN, *et al.*,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Carmody's Report and Recommendation in this matter (ECF No. 135) and Plaintiff's Objections and Affidavit (ECF Nos. 138, 139). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections and affidavit. The Court finds the Magistrate Judge's Report and Recommendation, which recommends granting the defense

motions for summary judgment (ECF Nos. 88, 92) and denying Plaintiff's motion for partial summary judgment (ECF No. 118) factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Among other things, she accurately pointed out that Plaintiff failed to present any evidence to contradict Defendants' evidence demonstrating that they acted reasonably and did not disregard any known risk to Plaintiff's health or safety. (ECF No. 135, PageID.1696.) Plaintiff's objections fail to address the Report and Recommendation in any persuasive way. The objections primarily reiterate and expand arguments Plaintiff has already made and the Magistrate Judge has already addressed appropriately. Nothing in the objections changes the fundamental analysis in the case. The Magistrate Judge properly analyzed Plaintiff's claims. The Court agrees with the Magistrate Judge's conclusion that there exist no genuine issues as to material facts and that Defendants are entitled to the relief they seek, for the very reasons the Report and Recommendation delineates.

After receiving the Report and Recommendation, Plaintiff attempted to support his position by filing an affidavit. The Court has discretion whether to consider the belatedly submitted information. 28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence."). This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases. Here, the information Plaintiff describes in his belated affidavit has been available to the Plaintiff all along, and the record discloses no good reason for the belated submission. Under these circumstances, the Court in its discretion declines to consider the affidavit.

Even if the Court were to consider the belated submission, it would not change the outcome. The document is labeled "Affidavit," but to the extent it asserts genuinely factual

2

material, it is on points that were not pivotal to the Magistrate Judge's analysis. To the extent it includes characterization and argument, it could not create a genuine issue of material fact even if it had been submitted in a timely fashion. Ultimately, nothing undermines the conclusion that Plaintiff had all the fiber he needed available from the regular chow line, provided he made the appropriate choices.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 135) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motions for Summary Judgment (ECF Nos. 88, 92) are **GRANTED**.

3. Plaintiff's Motion for Partial Summary Judgment (ECF No. 118) is **DENIED**.

4. Plaintiff's Motion for Temporary Restraining Order (ECF No. 132) is **DISMISSED AS MOOT**.

5. Defendants' Motion to Dismiss for lack of prosecution as discovery sanction (ECF No. 90) is **DISMISSED AS MOOT**.

6. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Date: March 30, 2018   /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE